IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Thérése Poulan Dubois, as Special Administrator of the Estate of Denise Dubois, deceased,** § § § | | |
| § | Case No. 1:15-cv-8737 | |
| **Plaintiff,** § § § | | |
| vs. § § | | |
| **Rail World, Inc., et al.,** § § § | | |
| **Defendants.** § | | |

### Notice of Removal

As allowed by 28 U.S.C. §§ 1334(b), 1367(a), 1446, and 1452(a), Canadian Pacific Railway Company (CP) removes this action from the Circuit Court of Cook County, Illinois, No. 2015 L 006528 to this Court. In support, CP states as follows:

**I.  Background**

    *A.  The pending lawsuit*

1. This lawsuit is one of 35 cases brought in Illinois state court arising from the July 6, 2013 train derailment in Lac-Mégantic, Quebec. Am. Cmplt. pp. 3-4. The train, including 72 tank cars containing Bakken formation crude oil, derailed after the unattended train's brakes disengaged. The derailment allegedly caused deaths, injuries, property damage, and environmental harm. Montreal, Maine and Atlantic Railway Ltd. ("MMA") operated the train at the time of the derailment. Am. Cmplt. ¶ 120.

2. The accident, the injuries, and the alleged misconduct did not occur in Illinois. Nevertheless, on June 25, 2015, Thérése Poulan Dubois, as Special Administrator of the Estate

of Denise Dubois, deceased, initiated this action by filing a complaint in the Circuit Court of Cook County, Illinois, No. 2015 L 006528.  [*See* Exhibit A, pp.5-6].

3.     On August 21, 2015, plaintiff filed an amended complaint, which remains the live pleading.  [*See* Exhibit A, p.7].  The amended complaint names CP as one of 53 defendants. Am. Cmplt. ¶¶ 2-55 [Exhibit B, pp.5-10].

4.     At least 34 other lawsuits were filed in Cook County around the same time, naming the same defendants and substantially stating the same allegations.  [*See* Exhibit E (listing 17 "New Illinois Cases" recently re-filed in Cook County, Illinois); Exhibit F (listing 18 other cases recently filed in Cook County, Illinois)].  The 17 cases listed in Exhibit E were purportedly served on CP; the 18 cases listed in Exhibit F have not been served on CP.[1]

5.     On September 8, 2015 plaintiff attempted to serve the amended complaint as well as 16 other lawsuits on CP.  Plaintiff served CT Corporation in Chicago, Illinois purportedly as CP's agent for service of process.  But CT Corporation is not an authorized agent for service of process on CP.  Therefore, while on notice of this lawsuit, CP has not yet been properly served. By filing this notice of removal, CP does not waive insufficiency of service of process defenses.

6.     As in the 34 other lawsuits, plaintiff alleges misfeasance by all defendants, including negligent handling of a volatile substance, misclassification of cargo, and negligent use

---

[1] The plaintiffs in each of the 18 unserved lawsuits filed motions to voluntarily dismiss against CP, as authorized by 735 ILCS 5/2-1009.  At this time, no order or amended complaint is on record granting or confirming that dismissal.  Instead, and inconsistent with any voluntary dismissal, on September 10, 2015, plaintiffs' counsel sent CP, by CD, an electronic copy of all 35 complaints, and on September 21, 2015, plaintiff's counsel served CP with 35 individual motions to stay the state court actions.

Uncertainty regarding status in those lawsuits and in an abundance of caution, CP removed the 18 unserved actions within 30 days of receiving the complaints.  28 U.S.C. § 1446(a); *but see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (mere receipt of a complaint without summons or proper service insufficient to trigger the 30-day removal period).

of DOT-111 tank cars in disregard of supposedly known safety risks. *See* Am. Comp. ¶¶ 73-124. Count V states those allegations against CP. *Id.* ¶¶ 183-191.

7. On September 18, 2015, plaintiff filed a motion to stay all 35 state-court actions. That motion was scheduled for hearing on October 5, 2015. No stay has been ordered at the time of this removal.

### B. Prior and related litigation

8. In July and August 2013, nineteen individual wrongful death suits were filed in the Circuit Court of Cook County, Illinois, alleging the same facts as this lawsuit but naming only some of the defendants—including MMA; Rail World, Inc.; Edward Burkhardt; World Fuel Services Corporation; Western Petroleum Company; Petroleum Transport Solutions, LLC; Dakota Plains Transloading, LLC; and DPTS Marketing, LLC. [*See* Exhibit F (listing 19 "Original Illinois Cases" filed in 2013)].

9. This lawsuit constitutes re-filing of one of the Original Illinois Cases. *See Theresa Poulan Dubois o/b/o Estate of Denise Dubois v. Rail World, Inc., et al.*, 2013 L 008536. That 2013 action was brought on behalf of the same estate as this case, alleged substantially the same facts, and raised the same claims, but named fewer defendants.

10. On August 7, 2013, MMA—the entity operating the train at the time of derailment—filed for chapter 11 bankruptcy protection in Maine. *See In re Montreal Maine & Atlantic Railway, Ltd.*, Case No. 13-10670, Dkt. 1. Those proceedings remain pending before the Maine bankruptcy court.

11. Following the bankruptcy filing, some defendants in the 19 Original Illinois Cases removed the actions to this Court, and thereafter sought transfer to the United States District Court for the District of Maine, raising multiple grounds for jurisdiction. One basis for removal

3

7271464v1

was Section 1334(b): the Original Illinois Cases were "related to" the MMA bankruptcy proceedings.

12. On March 21, 2014, the United States District Court for the District of Maine confirmed "related to" jurisdiction as to the Original Illinois Cases and transferred all 19 cases to Maine. *See* Order on Mot. to Transfer Cases and Mot. to Strike, *In re: Montreal Maine and Atlantic Railway*, *LTD*., No. 1:13-MC-00184-NT (D. Me. Mar. 21, 2014) (Torrensen, J.) (Transfer Order) [Exhibit C, pp.14-40]. Exhibit F identifies the case numbers for Illinois actions that Judge Torrensen transferred to Maine federal court.

### C. *Litigation still pending*

13. Three days after the Transfer Order, while the physical transfer to Maine was in process, the plaintiffs moved to voluntarily dismiss 17 of the 19 Original Illinois Cases. The defendants disputed that dismissal and moved to strike. Before the court could rule on the motion, the Original Illinois Cases were stayed pending resolution of the Chapter 11 bankruptcy and settlement discussions among various defendants, plaintiffs, and the bankruptcy trustee.

14. A tentative settlement was reached as to all potential defendants except CP. The settling parties agreed to continue the stay as to all Original Illinois Cases and filed a stipulated stay order on July 24, 2015. *See* Stip. Second Am. and Restated Order Staying Proceedings Pending Appeal, *In re: Montreal Maine and Atlantic Railway*, *LTD*., No. 1:13-MC-00184-NT (D. Me. July 24, 2015) [Exhibit C, pp.41-55].

15. CP is not a party to the stipulation for the stay. Nevertheless, the terms as ordered by the Maine district court stayed each of the Original Illinois Cases as to all previous and new defendants until confirmation of the settlement plan in the bankruptcy proceedings. [Exhibit C, p.42 ¶ 1].

7271464v1

16. Despite those pending cases, including the pending 2013 lawsuit brought on behalf of the Estate of Denise Dubois, plaintiff re-filed this action in Illinois state court and attempted to serve CP with an amended complaint. According to plaintiff, re-filing this lawsuit was appropriate because the settlement plan requires cooperation from the bankruptcy trustee to return all of the Original Illinois Cases to Illinois state court. Pl's. Mot. to Stay, ¶¶ 14-15 [Exhibit C, p.12].

## II. Removal is procedurally proper

17. CP was purportedly served with the amended complaint on September 8, 2015, and although CP disputes proper service of process, CP timely files this Notice of Removal within 30 days of receiving a copy of pleadings setting forth plaintiff's claims. *See* 28 U.S.C. §1446(b) (a civil defendant has 30 days after the receipt of the initial pleading to file a notice of removal).

18. This action is properly removed to this Court as the district and division embracing the county wherein the state-court action is pending. *See* 28 U.S.C. §§ 1452(a).

19. In accordance with 28 U.S.C. § 1446(a), all process, pleadings, and orders received by CP are attached as exhibits:

| | |
|---|---|
| **Exhibit A.** | The state court docket |
| **Exhibit B.** | Alias summons and amended complaint |
| **Exhibit C.** | Plaintiff's notice of motion and plaintiff's motion to stay |
| **Exhibit D.** | Related 2013 Cook County complaint |

20. As required by 28 U.S.C. § 1446(d), CP will promptly file a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, where this state-court action was pending.

7271464v1

21. Removal is proper under 28 U.S.C. § 1452(a) because 28 U.S.C. § 1334(b) vests this Court subject matter jurisdiction over this action.

### III. This action is related to MMA's bankruptcy proceeding so as to afford removal jurisdiction

22. Plaintiff's lawsuit is related to MMA's Chapter 11 bankruptcy proceeding because the outcome could affect debtor's rights, liabilities, options or freedom of action. In particular, plaintiff's claims implicate liability insurance shared by MMA and several named defendants including CP so as to likely affect any recovery available to the estate. With jurisdiction over the claims brought against some defendants, this Court has supplemental jurisdiction over all other defendants. And while those named defendants may have settled in principle with the bankruptcy trustee no settlement is final.

23. In addition, and after the Transfer Order, CP filed a proof of claim against the Chapter 11 debtor in Maine Bankruptcy Court. *See In re Montreal Maine & Atlantic Railway, Ltd.*, Case No. 13-10670, Claim 92-2 (Proof of Claim). The Proof of Claim, among other things, seeks contribution and indemnity from the debtor for claims such as those asserted in this action. And after the Proof of Claim was filed, the Chapter 11 trustee commenced an adversary proceeding against CP and other defendants all of whom are parties to this proceeding. *See Robert J. Keach, solely in his capacity as the chapter 11 trustee for Montreal, Maine & Atlantic Railway, Ltd. v. World Fuel Services Corporation, et al.*, Adversary Proceeding No. 14-1001 (the Adversary Proceeding). The direct, counter and cross-claims asserted by the parties in the Adversary Proceeding involve negligence that allegedly resulted in the train derailment in Lac-Mégantic, Quebec as well as contribution and indemnity for claims. *See* Adversary Proceeding, Dkt. 134 (Second Amended Complaint) and 158 (CP Answer, Counter and Cross-Claims). Thus

plaintiff's claims in this case are related to MMA's Chapter 11 bankruptcy proceeding because the outcome could affect debtor's rights, liabilities, options or freedom of action.

### A. *Related-to jurisdiction legal standard*

24. This Court has jurisdiction to hear all civil proceedings "related to cases under Title 11." 28 U.S.C. § 1334(b). Section 1452(a) authorizes any party to remove a state court action "related to" a bankruptcy proceeding to federal district court. 28 U.S.C. § 1452(a).

25. A case is "related to" a bankruptcy matter "when the dispute 'affects the amount of property for distribution or the allocation of property among creditors.'" *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1368 (7th Cir. 1992) (quoting *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987)). "Related to" jurisdiction is broadly construed because such jurisdiction is "intended to encompass tort, contract, and other legal claims by and against the debtor . . . so that all claims by and against the debtor can be determined in the same forum." *Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994).

### B. *This matter is related to MMA's bankruptcy*

26. Plaintiff's claims are "related to" MMA's bankruptcy case because a judgment against CP and other named defendants—in particular, Rail World, Rail World Locomotive Leasing, and Edward Burkhardt (the Rail World defendants)—could affect the assets of the bankruptcy estate.

27. CP and the Rail World defendants are co-insureds with MMA on a $25 million insurance policy – the XL Policy. [*See* Exhibit G, p.34]. A judgment in this action against any of the Rail World defendants would draw against the insurance coverage available to the creditors of MMA's bankruptcy estate. "Given the evidence of shared insurance, . . . the nineteen wrongful death suits, all of which name the Rail World Defendants . . . are related to the Railway's bankruptcy." Transfer Order p. 22 [Exhibit C, p.35].

7

28. The Transfer Order, which confirmed the related nature of the Original Illinois Cases with MMA's bankruptcy case, is particularly telling: plaintiff's lawsuit is fundamentally a re-filing of one of the Original Illinois Cases found to be "related to" MMA's bankruptcy. This lawsuit seeks redress against the same Rail World defendants for harm arising from the July 6, 2013 derailment and states nearly the same facts and claims as the 2013 lawsuit brought on behalf of the same estate. [*Compare* Exhibit B (Amended Complaint) *with* Exhibit D (2013 Complaint)]. No settlement involving Rail World defendants is final.

29. The claim-similarity and defendant-overlap between this case and the Original Illinois Cases confirm that this matter is "related to" MMA's bankruptcy case and subject to this Court's jurisdiction just as Judge Torrensen found "related to" jurisdiction over the Original Illinois Cases. *See* 28 U.S.C. §§ 1334(b); 1452(a); Transfer Order, p.22 [Exhibit C, p.35].

30. Subsequent to Judge Torrensen's Order, the Proof of Claim and Adversary Proceeding independently establish that plaintiff's claims are "related to" MMA's bankruptcy case. All parties in the Maine Adversary Proceeding are essentially claiming every party but themselves is liable for the derailment. And given the negligence, indemnity and contribution claims at issue in the Adversary Proceeding, a judgment against any party in this case, including CP, could affect the assets of the bankruptcy estate.

C. *Pendant Jurisdiction*

31. With jurisdiction over the claims against CP and the Rail World defendants, this Court has pendant jurisdiction over claims against the other defendants because all claims form part of the same case and controversy, arising from the same facts and alleged wrongdoing. *See* 28 U.S.C. § 1367(a); Transfer Order p. 26 [Exhibit C, p.39].

8

### D. *Consent not required*

32. Removal is proper by any "party," and consent of the other parties is not required. *See* 28 U.S.C. § 1452(a); *Anstine & Musgrove, Inc. v. Cakasieu Refining Co.*, 436 B.R. 136, 139-140 (D. Kan. 2010) (collecting cases holding "that the consent of all defendants is *not* required for removal under Section 1452.").

## IV. Conclusion

33. Under 28 U.S.C. § 1334(b) and § 1367(a), this Court has jurisdiction over plaintiff's action: plaintiff's wrongful death claims as to some defendants are related to the pending chapter 11 bankruptcy filed by MMA, and the Court has supplemental jurisdiction as to the remaining claims and defendants.

34. By this filing, CP removes the state-court action pending in the Circuit Court of Cook County, Illinois to this Court.

Dated: October 2 , 2015

/s/ *James A. Fletcher*

Timothy R. Thornton (MN #109630)
Leah Ceee O. Boomsma (MN #0389885)
BRIGGS AND MORGAN, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
Telephone: (612) 977-8400
pvolk@briggs.com
lboomsma@briggs.com

and

James A. Fletcher (IL #0835013)
Michael J. Barron, Jr. (IL #622809)
Stephen J. Rynn (IL #6306890)
FLETCHER & SIPPEL LLC
Suite 920
29 N. Upper Wacker Drive
Chicago, IL 60606-2832
(312) 252-1500
(312) 252-2400 (facsimile)
jfletcher@fletcher-sippel.com

ATTORNEYS FOR DEFENDANT
CANADIAN PACIFIC RAILWAY COMPANY

## **AFFIDAVIT OF SERVICE**

STATE OF MINNESOTA )  Case No. _____
                              ) ss.
COUNTY OF HENNEPIN )

      Barbara McNabb, being first duly sworn, deposes and states that on the 2nd day of October, 2015, she served the attached documents:

      Notice of Removal (with Exhibits)
      Notice of Filing Notice of Removal
      Civil Cover Sheet

in connection with the following cases:

*Ginette Cameron o/b/o Estate of Geneviève Breton v. Rail World, Inc., et al.*

*Rejean Roy o/b/o Estate of Melissa Roy v. Rail World, Inc., et al.*

*Alexia Dumas-Chaput o/b/o Estate of Mathieu Pelletier v. Rail World, Inc., et al.*

*Karine Paquet and Guy Paquet o/b/o Estate of Roger Paquet v. Rail World, Inc., et al.*

*Joannie Proteau o/b/o Estate of Maxime Duboise v. Rail World, Inc., et al.*

*Theresa Poulan Dubois o/b/o Estate of Denise Dubois v. Rail World, Inc., et al.*

*Lisette Fortin Bolduc and Steve Bolduc o/b/o Estate of Stéphane Bolduc v. Rail World, Inc., et al.*

*Sandy Bedard o/b/o Estate of Michael Guertin, Jr. v. Rail World, Inc., et al.*

*Micheline Veilleux o/b/o Estate of Richard Veilleux v. Rail World, Inc., et al.*

*Jacques Martin o/b/o Estate of David Martin v. Rail World, Inc., et al.*

*Gaston Bégnoche o/b/o Estate of Alyssa Charest Bégnoche v. Rail World, Inc., et al.*

*Gaston Bégnoche o/b/o Estate of Bianka Charest Bégnoche*

*Elise Dubois-Couture o/b/o Estate of David LaCroix-Beaudoin v. Rail World, Inc., et al.*

*Gaston Begnoche o/b/o Estate of Talitha Coumi Begnoche v. Rail World, Inc., et al.*

*Louise Couture o/b/o Estate of Kathy Clusiault v. Rail World, Inc., et al.*

7271014v1

*Michael Boulanger o/b/o Estate of Eliane Parenteau v. Rail World, Inc., et al.*

*Ghislain Champagne and Éric Bilodeau o/b/o Estate of Karine Champagne*

*Christiane Mercier o/b/o Estate of Marianne Poulin v. Rail World, Inc., et al.*

*Clermont Pépin o/b/o Estate of Éric Pépin-LaJeunesse v. Rail World, Inc., et al.*

*Colette LaCroix Boulet o/b/o Estate of Yves Boulet v. Rail World, Inc., et al.*

*Dave LaPierre and Marie-Éve LaPierre o/b/o Estate of Stéphane LaPierre v. Rail World, Inc., et al.*

*Geneviève Dubé o/b/o Estate of Yannick Bouchard v. Rail World, Inc., et al.*

*Guy Boulet o/b/o Estate of Marie-France Boulet v. Rail World, Inc., et al.*

*Herbert Ratsch o/b/o Estate of Willfried Heinz Ratsch v. Rail World, Inc., et al.*

*Justine LaPointe and Gabrielle LaPointe o/b/o Estate of Jo-Annie LaPointe v. Rail World, Inc., et al.*

*Lily Rodrigue and Manon Rodrigue o/b/o Estate of Martin Rodrigue v. Rail World, Inc., et al.*

*Manon Bolduc o/b/o Estate of Jean-Pierre Roy v. Rail World, Inc., et al.*

*Mario Sévigny, Marc-Antoine Sévigny and Louise Breton o/b/o Estate of Andrée-Anne Sévigny v. Rail World, Inc., et al.*

*Maude Faucher o/b/o Estate of Marie-Noëlle Faucher v. Rail World, Inc., et al.*

*Michelle Gaboury o/b/o Estate of Kevin Roy v. Rail World, Inc., et al.*

*Pascal LaFontaine o/b/o Estate of Karine LaFontaine v. Rail World, Inc., et al.*

*Richard Turcotte o/b/o Estate of Élodie Turcotte v. Rail World, Inc., et al.*

*Robert Picard o/b/o Estate of Louisette Poirier Picard v. Rail World, Inc., et al.*

*Solange Bélanger o/b/o Estate of Jimmy Sirois v. Rail World, Inc., et al.*

*Solange Bélanger o/b/o Estate of Marie-Sémie Alliance v. Rail World, Inc., et al.*

7271014v1

upon the attached Service List (which are the last known addresses and emails of said attorneys) by U.S. Mail or email.

s/ Barbara McNabb
Barbara McNabb

Subscribed and sworn to before me
this 2nd day of October, 2015.


s/ Cathy L. Danek
Notary Public

Commission expires January 31, 2020.

3

7271014v1

# SERVICE LIST

## *Counsel for Plaintiffs*

Peter J. Flowers, Esq.
Ted A. Meyers, Esq.
Kimberly M. Brancato, Esq.
Steven J. Rizzi, Esq.
MEYERS & FLOWERS, LLC
3 N 2nd Street, Suite 300
St. Charles, IL 60174
630.232.6333
630.845.8982 (fax)
pjf@meyers-flowers.com
tam@meyers-flowers.com
kb@meyers-flowers.com
sjr@meyers-flowers.com
kmd@meyers-flowers.com

## **Counsel for Defendants:**

Steven E. Cope, Esq.
COPE LAW FIRM
One William Street
PO Box 1398
Portland, Maine 04104
207.772.7491
scope@copelegal.com

## *Counsel for:*
Devlar Energy Marketing, LLC;
Lario Oil & Gas Company;
Devo Trading & Consulting Corporation;
Slawson Exploration Company, Inc.

Kelley Friedman, Esq.
Randy L. Fairless, Esq.
JOHANSON & FAIRLESS, LLP
1456 First Colony Blvd.
Sugar Land, Texas 77479
218.313.5000
Kfriedman@jandflaw.com

*Counsel for:*
Oasis Petroleum, Inc;
Oasis Petroleum, LLC
Inland Oil & Gas Corporation;
Whiting Petroleum Corporation;
Oasis Petroleum, LLC;
Enerplus Resources (USA) Corporation;
Halcon Resources Corporation;
Tracker Resources;
Kodiak Oil & Gas Corp(Now known as Whiting Canadian Holding Company ULC);
Golden Eye Resources, LLC

---

Mark W. Zimmerman, Esq.
Elizabeth T. Jozefowicz, Esq.
CLAUSEN MILLER, PC
10 South LaSalle
Chicago, IL 60603
312.606.7481
mzimmerman@clausen.com
ejozefowicz@clause.com

*Counsel for:*
Arrow Midstream Holdings, LLC

---

Tracie J. Renfroe, Esq.
Sarah R. Borders, Esq.
KING & SPALDING LLP
1100 Louisiana Street, Suite 400
Houston, Texas 77003
713.751.3214

*Counsel for:*
Marathon Oil Company

Jeremy R. Fischer, Esq.
DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, Maine 04101
207.772.1941
jfischer@dwmlaw.com

**_Counsel for:_**
QEP Resources, Inc.

---

Patrick C. Maxcy, Esq.
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, IL 60606
312.876.2810
Patrick.maxcy@dentons.com

**_Counsel for:_**
Rail World, Inc;
Rail World Holdings LLC;
Rail World Locomotive Leasing LLC;
Edward Burkhardt, individually

---

Jeffrey C. Steen, Esq.
SIDLEY AUSTIN, LLP
One South Dearborn
Chicago, IL 60603
312.853.7824
jsteen@sidley.com

**_Counsel for:_**
General Electric Railcar Services Corporation;
General Electric Company

---

Jennifer A. Kenedy, Esq.
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
312.443.0377
jkenedy@lockelord.com

**_Counsel for:_**
Trinity Industries, Inc.;
Trinity Industries Leasing Company;
Trinity Tank Car, Inc.;

Trinity Rail Group, LLC

---

James K. Robertson, Jr., Esq.
CARMODY TORRANCE SANDAK & HENNESSEY LLP
50 Leavenworth Street
Waterbury, Connecticut 06721
203.575.2636
jrobertsonjr@carmodylaw.com

**Counsel for:**
Union Tank Car Company;
UTLX International Division of UTCC;
The Marmon Group;
Procor Limited

---

Julie Hardin, Esq.
REED SMITH LLP
811 Main Street, Suite 1700
Houston, Texas 77002
713.469.3813
jhardin@reedsmith.com

**Counsel for:**
Enserco Energy, LLC;
Conocophillips Company

---

Robert C. Bowers, Esq.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina, 28202
704.331.3560
bobbybowers@mvalaw.com

**Counsel for:**
First Union Rail Corporation

William K. Kroger, Esq.
Omar J. Alaniz, Esq.
BAKER BOTT LLP
2910 Louisiana Street
Houston, Texas 77002
713.229.1736
Bill.kroger@bakerbotts.com
Omar.alaniz@bakerbotts.com

***Counsel for:***
Shell Oil Company;
Shell Trading (US) Company

---

Timothy A. Davidson II, Esq.
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
713.220.3810
Taddavidson@andrewskurth.com

***Counsel for:***
Incorr Energy Group, LCC

---

Susan Gummow, Esq.
FORAN GLENNON
222 North LaSalle Street, Suite 1400
Chicago, IL 60601
312.855.1010
sgummow@fgppr.com

***Counsel for:***
SMBC Rail Services, LLC

---

Leslie M. Smith, Esq.
Adam Paul, Esq.
Kirkland & Ellis, LLP
300 North LaSalle
Chicago, IL 606054
312.862.2141
Leslie.smith@kirkland.com

*Counsel for*
World Fuel Services Corporation;
World Fuel Services, Inc;
World Fuel Services, Canada, Inc.;
Strobel Starostka Transfer LLC;
Dakota Plains Marketing, LLC;
Dakota Plains Holdings, Inc;
DPTS Marketing, Inc.;
Dakota Plains Transloading, LLC;
Dakota Petroleum Transport Solution, LLC;
Western Petroleum Co;
Petroleum Transport Solutions, LLC.

---

Ferguson McNiel, Esq.
Vinson & Elkins, LLP
1001 Fannin Street, Suite 2500
Houston, TX 77002
713.758.3882
fmcniel@velaw.com

*Counsel for*
Trinity Rail Leasing 2012 LLC

Christian Nemeth, Esq.
Mcdermott Will & Emory
227 West Monroe Street
Chicago, IL 60606
312.984.3292
jcnemeth@mwe.com

*<u>Counsel for</u>*
Irving Oil Limited;
Irving Oil Company Limited;
Irving Oil Operations General Partner Limited;
Irving Oil Commercial G.P.